**Venkat VANGALA, Md., Plaintiff— Appellant,**

v.

**ST. MARY'S REGIONAL MEDICAL CENTER; Corwin Medical Group, Inc.; Manmohan Nayyar, Md.; Raman Poola, Md., Defendants—Appellees.**

No. 01–55627.

D.C. No. CV–00–06840–ER.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2001.*

Decided March 19, 2002.

Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.

MEMORANDUM **

Dr. Venkat Vangala appeals the district court's dismissal of his antitrust action for failure to allege an "antitrust injury." We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

DISCUSSION

The district court dismissed Dr. Vangala's amended complaint on the ground that he failed to allege "any actionable injury." The court explained that the Sherman Act, 15 U.S.C. § 1, requires plaintiffs to "plead and prove a reduction of competition in the market in general and not a mere injury to their own positions as competitors in the market." We agree. A claim under § 1 requires a plaintiff to prove (1) an agreement, conspiracy, or combination; (2) intended to harm or unreasonably restrain competition; (3) which actually causes injury to competition, "beyond the impact on the claimant. . . ." *See Austin v. McNamara,* 979 F.2d 728, 738 (9th Cir.1992). Thus, "the plaintiff must show an injury to *competition,* rather than just an injury to plaintiff's business." *See Sicor, Ltd. v. Cetus Corp.,* 51 F.3d 848, 854 (9th Cir. 1995); *see also Austin,* 979 F.2d at 739 (noting that plaintiff "was required to show not merely injury to himself as a competitor, but rather injury to competition");

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 734 (9th Cir.1987) ("Indispensable to any section 1 claim is an allegation that *competition* has been injured rather than merely competitors.").

Dr. Vangala argues that he satisfied the "antitrust injury" pleading requirement by alleging that defendants' conduct damaged his ability to compete in the market, thereby reducing competition. That allegation, however, is wholly conclusory and lacks any supporting factual detail. *See Les Shockley Racing v. National Hot Rod Ass'n*, 884 F.2d 504, 508 (9th Cir.1989) (noting that "claimant may not merely recite the bare legal conclusion that competition has been restrained" but rather "must, at a minimum, sketch the outline of the antitrust violation with allegations of supporting factual detail"); *see also Rutman*, 829 F.2d at 734–35 (rejecting a conclusory allegation that injury to plaintiff necessarily harms competition). His amended complaint offers nothing more than his conclusion that defendants conduct had a "material impact on competition in [the relevant] market." Such "conclusory language regarding the elimination of competition and improper purpose" is insufficient to survive a motion to dismiss. *See SmileCare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996).

AFFIRMED.

FERGUSON, Circuit Judge, dissenting.

FERGUSON, Circuit Judge.

Dr. Vangala has satisfied the "antitrust injury" pleading requirement, and I therefore respectfully dissent.

The majority asserts that Dr. Vangala merely alleged that the defendants' conduct damaged his ability to compete in the market, thereby reducing and injuring competition. The majority states that this conclusory allegation was insufficient to satisfy the injury-to-competition pleading requirement. However, in doing so, the majority makes the pleading requirement insurmountable by failing to recognize that the complaint need not provide detailed facts that illustrate injury to competition. Rather, in determining whether a plaintiff survives a motion to dismiss for failure to state a claim, a court must ask whether a plaintiff " 'could show any set of facts, consistent with the allegations of its complaint, that would constitute a violation of the antitrust laws.' " *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 735 (9th Cir.1987) (emphasis added) (quoting *Hunt–Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 924 (9th Cir.1980)); *cf. Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002) (the Supreme Court holding that the complaint in a civil action need not contain specific facts establishing a prima facie case, but must only contain a short and plain statement of the claim to meet the notice pleading requirement). As demonstrated below, Dr. Vangala could prove a set of facts, consistent with the allegation of his complaint, which would entitle him to relief.

Although removal of one competitor typically does not constitute injury to competition, we have recognized that in limited circumstances, "convergence of injury to a market competitor and injury to competition is possible when the relevant market is both narrow and discrete and the market participants are few." *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 508–09 (9th Cir.1989) (citing *Oltz v. St. Peter's Cmty. Hosp.*, 861 F.2d 1440 (9th Cir.1988)).

As the facts alleged by Dr. Vangala are presumed to be true under Rule 12(b)(6), the injury to Dr. Vangala and injury to competition would converge. Specifically,

Dr. Vangala alleged that the High Desert community constitutes a discrete and narrow medical services market consisting of the low density populations of Apple Valley, Victorville, Hesperia, and nearby small towns. Dr. Vangala further alleged that Saint Mary's is the most well-regarded of the three hospitals servicing this small, populated community. Dr. Vangala contended that, because of the discrete and narrow nature of the High Desert medical services market and the limited number of providers, the defendants' conduct in excluding Dr. Vangala through a lack of referrals has a material impact on competition in the market. *See Oltz,* 861 F.2d at 1440 (finding that exclusion of one nurse anesthetist was tantamount to a reduction in competition where a single hospital's service area was the relevant geographic market and the exclusion reduced the number of competing anesthesia service providers from five to four).

Dr. Vangala asserted that this impact is illustrated by the defendants' control of the market, including their ability to determine which medical services are available from which providers, as well as the prices and rates for those services. In other words, Dr. Vangala contended that the defendants' actions injure competition in the market for urologists and the patient market for urologist care. *See Oltz,* 861 F.2d at 1447 (finding that injury to competition could exist in either the job market for a medical service or the patient market for such a service and affirming the district court's denial of the defendant's motion for judgment not withstanding the verdict or for a new trial).

Because Dr. Vangala has alleged facts which, if proven, could entitle him to relief

---

under the antitrust laws, his claim should have survived a motion to dismiss. I would therefore reverse and remand this case.