**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No.  02-50820
Summary Calendar

_____

CAMILLA A. HANCOCK,

Plaintiff-Appellant,

versus

LOUIS CALDERA,

Defendant-Appellee.

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(SA-01-CV-1130)**
_____

December 30, 2002

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

This _pro se_ appeal is from a Rule 12(b)(6) dismissal. Plaintiff alleged:  her employer (United States Army) subjected her to retaliation because she had earlier complained of discrimination; and the retaliation took the form of a hostile and abusive work environment.  The district court granted the motion to dismiss.

_____

[*]Pursuant to 5th Cir. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Subsequent to that dismissal, however, *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002), was decided.  It held a plaintiff need not plead specific facts required to establish the elements of a *prima facie* Title VII claim under *McDonell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  534 U.S. at 508.  The Court noted that the *prima facie* case under *McDonell Douglas* is an evidentiary, rather than a pleading, standard.  The complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief", *see* FED. R. CIV. P. 8(a), thereby placing defendant on notice of "what the plaintiff's claim is and the grounds upon which it rests".  534 U.S. at 512 (internal citations omitted).  Moreover, *Swierkiewicz* held that even the elements of a *prima facie* case can "vary depending on the context".  *Id.*

In the light of *Swierkiewicz*, the district court issued an Order and Advisory, stating:  the dismissal was improvidently granted; and it would be receptive to a motion for reconsideration. Plaintiff, however, had already filed her notice of appeal.

Accordingly, this matter is remanded to the district court for it to examine plaintiff's complaint under the standard stated in *Swierkiewicz*.

*VACATED AND REMANDED*