Olga V. CHERNOVA

v.

ELECTRONIC SYSTEMS SERVICES, INC.

No. CIV. JFM–02–3240.

United States District Court, D. Maryland.

Feb. 11, 2003.

---

David C. Weaver, Ruble and Weaver PA, Frederick, MD, for Plaintiff.

Ronald W. Taylor, Christine Pillsbury D Elico, Venable Baetjer and Howard LLP, Baltimore, MD, for Defendants.

## MEMORANDUM

MOTZ, District Judge.

Olga V. Chernova brings suit against Electronic Systems Services, Inc. ("ESS") for violations of Title VII, 42 U.S.C. § 2000e, *et seq.*, and the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k). Plaintiff alleges that ESS fired her after learning that she was pregnant. ESS has filed a motion to dismiss, or in the alternative, for summary judgment, pursuant to Fed.R.Civ.P. 12 and 56. For the reasons stated below, I will: (1) deny ESS's motion to dismiss with respect to Count I of plaintiff's complaint; (2) dismiss Count II of plaintiff's complaint;

and (3) decline to convert the motion to dismiss into a motion for summary judgment.

## I.

■ In *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), the Supreme Court held that a Title VII plaintiff does not have to allege a prima facie case of employment discrimination to survive a motion to dismiss. *Id.* at 515, 122 S.Ct. 992. All that a Title VII plaintiff must provide is "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 508, 122 S.Ct. 992 (quoting Fed.R.Civ.P. 8(a)). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Id.* at 515, 122 S.Ct. 992 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

Count I of plaintiff's complaint alleges that ESS violated Title VII by firing her after she became pregnant. The complaint also describes plaintiff's hiring, relevant events that occurred during her employment, and her eventual termination. These allegations put ESS on notice of the claim against it and state a claim upon which relief can be granted. *See id.* at 514, 122 S.Ct. 992. Therefore, ESS's motion to dismiss will be denied with respect to Count I.

■ I agree with ESS, however, that plaintiff has alleged duplicative claims. Count II of plaintiff's complaint alleges pregnancy discrimination in violation of the PDA. The PDA was enacted to include pregnancy discrimination within the meaning of sexual discrimination under Title VII. 42 U.S.C. § 2000e(k). *See generally*

*Carney v. Martin Luther Home, Inc.,* 824 F.2d 643, 645–48 (8th Cir.1987) (describing the legislative history of the PDA). The PDA does not provide a separate cause of action. *See, e.g., EEOC v. Ackerman, Hood & McQueen, Inc.,* 758 F.Supp. 1440, 1449 n. 5 (W.D.Okla.1991). As a result, I will dismiss Count II of plaintiff's complaint.

## II.

■ ESS also asks that I convert its motion to dismiss into a motion for summary judgment under Fed.R.Civ.P. 12(c). Plaintiff contends that she is entitled to conduct discovery before I consider a motion for summary judgment. (Pl.'s Opp'n at 5–7.) In its reply to plaintiff's opposition, ESS contends that plaintiff's objections are futile because she has failed to file a Rule 56(f) affidavit.[1] (Def.'s Reply at 5–10.) Plaintiff has responded by filing a surreply that includes a Rule 56(f) affidavit. ESS opposes this surreply on procedural and substantive grounds. However, even if plaintiff's surreply and accompanying Rule 56(f) affidavit are not considered, it is premature to rule on ESS's summary judgment motion.

■ Rule 56(f) requires a party that wishes to oppose a motion for summary judgment because more time is needed for discovery to file an affidavit to that effect. Fed.R.Civ.P. 56(f). The Fourth Circuit has recently held, however, that Rule 56(f) affidavits are not always necessary. *Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 244–45 (4th Cir. 2002). If the nonmoving party makes objections that satisfy the purpose of an affidavit and is not lax in pursuing discovery,

---

**1.** ESS also argues that because plaintiff responded in substance to ESS's motion, a motion for summary judgment is ripe. (Def.'s Reply at 4–5.) I disagree. By responding in substance to ESS's summary judgment motion, plaintiff was protecting herself in the event I decided to rule on that motion. She did not waive her objections to consideration of the summary judgment motion.

he or she may not need to file a Rule 56(f) affidavit.[2] *Id.* at 245. "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." *Id.* at 244 (quoting *First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1380 (D.C.Cir. 1988)).

In her opposition, plaintiff states why she needs discovery and what discovery she plans to request. She contends that she needs interrogatories, depositions, and document production to prove ESS's alleged discriminatory intent and that ESS's reasons for terminating her were pretextual. (Pl.'s Opp'n at 7.) This demonstrates that plaintiff is invoking the protections of Rule 56(f) in good faith and in an attempt to allow me to assess the merits of her opposition to ESS's motion for summary judgment. Moreover, plaintiff has not been lax in discovery because she has not yet had an opportunity to conduct any discovery. (*Id.* at 6.)

A separate order consistent with this memorandum is being entered herewith.

## ORDER

For the reasons stated in the accompanying memorandum, it is, this 11th day of February 2003,

ORDERED that

1. Defendant's motion to dismiss is denied with respect to Count I;

2. Defendant's motion to dismiss is granted with respect to Count II; and

3. Defendant's motion for summary judgment is stayed to allow plaintiff adequate time for discovery.

---

**2.** One leading treatise states:

> The purpose of subdivision (f) is to provide an additional safeguard against an improvident or premature grant of summary judgment and the rule generally has been applied to achieve that objective. Consistent with this purpose, courts have stated that technical rulings have no place under the subdivision and that it should be applied with a spirit of liberality. Thus, in certain circumstances courts have indicated that continuances would be proper even though Rule 56(f) had not been formally complied with when the court concluded that the party opposing summary judgment had been diligent and had acted in good faith.

10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2740, at 402–403 (3d ed.1998) (footnotes omitted).