**Eric RODRIGUEZ, et al., Plaintiffs,**

v.

**George E. PATAKI, et al., Defendants.**

**Howard T. Allen, et al., Plaintiffs,**

v.

**George E. Pataki, et al., Defendants.**

**Nos. 02 CIV. 618, 02 CIV. 3239.**

United States District Court,
S.D. New York.

June 24, 2003.

Richard D. Emery, Esq., Emery, Celli, Cuti, Brinckerhoff & Abady, P.C., New York City, for Plaintiffs.

Michael Carvin, Esq., Jones, Day, Reavis & Pogue, Washington, DC, for Defendant Bruno.

Daniel Chill, Esq., Graubard Miller, New York City, for Defendant Silver, et al.

Joan P. Gibbs, Esq., Rivers, Mealy, Cranshow, and Bradford, Brooklyn, NY, for Intervenors.

Before JOHN M. WALKER, JR., Chief Circuit Judge, and KOELTL and BERMAN, District Judges.

**ORDER**

Upon the record and prior proceedings in this action, including the motion, dated March 7, 2003, of defendants Governor

George E. Pataki, Attorney General Eliot Spitzer, Senate Majority Leader Joseph L. Bruno, Assembly Speaker Sheldon Silver, Lieutenant Governor Mary O. Donohue, and Defendant–Intervenors Anthony Creaney and Thomas Terry (collectively, "Defendants") to dismiss counts I, II, VI, VIII, and IX of Plaintiffs' Joint and Consolidated Amended Complaint, dated January 24, 2003, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs' opposition to Defendants' motion, dated April 28, 2003, Defendants' reply, dated May 27, 2003, and oral argument held on June 20, 2003, the three-judge Court hereby denies Defendants' motion.[1]

Taking the allegations in the Joint and Consolidated Amended Complaint as true as the Court must upon a motion to dismiss, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), it is appropriate to allow discovery to proceed rather than to resolve these counts at this time. *See Fund for Accurate & Informed Representation, Inc. v. Weprin*, 92–CV–283, Memorandum and Order of Three–Judge Court, at 7 (N.D.N.Y. May 28, 1992) (per curiam) ("Because we are unable to say, based only on the allegations of the complaint, that plaintiffs can prove no set of facts at this stage of the proceedings supporting this claim, ... defendants' motion to dismiss the one person, one vote challenge was properly denied."); *see also Bridgeport Coalition for Fair Repr'n v. City of Bridgeport*, 26 F.3d 271, 275 (2d Cir.) (" 'This determination is peculiarly dependent upon the facts of each case and requires an intensely local appraisal of the design and impact of the contested electoral mechanisms.' " (quoting *Thornburg v. Gingles*, 478 U.S. 30, 79, 106 S.Ct. 2752, 92 L.Ed.2d 25 (1986))), *vacated on other grounds*, 512 U.S. 1283, 115 S.Ct. 35, 129 L.Ed.2d 931 (1994). The Court is not here ruling upon the ultimate merits of the parties' respective claims.

The parties are directed to appear at a scheduling conference with Judge Berman on June 26, 2003 at 3:00 p.m., in Courtroom 706 of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York.

SO ORDERED.

---

1. On April 30, 2003, the Court granted the request of the Gantt Plaintiff–Intervenors to withdraw count IX voluntarily, following submission of the Defendants' motion. (*See* Memo Endorsement, dated April 30, 2003, on Letter to the Court from Paul Wooten, Counsel for the Gantt Plaintiff–Intervenors, dated April 23, 2003 ("The plaintiff-intervenors request leave of the court to withdraw Count XI [sic] from the complaint."; "Application granted with respect to Count IX on consent.").)