

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-26-2004

# Bright v. Gillis

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1118

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Bright v. Gillis" (2004). *2004 Decisions*. Paper 978.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/978

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**REPORTED-NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-1118
_____

MICHAEL BRIGHT,
Appellant

v.

FRANK D. GILLIS, Superintendent;  KANDIS K. DASCANI, Ms.;
GAUDREAU, Officer; SCI FRACKVILLE; NICHOLAS P. MULLER;
KESSLING, Lieutenant; CERELLI, Sgt.; FUJI, Mr.; STUDLACH, Mr.;
GRISSMAN, Mr.; FOX, Mr.; KNOTT, Mr.; TAYLOR, Mr.;
WEIKEL, Mr.; HEARTY, Mr.; GAY, Mr.; THE ENTIRE ADMINISTRATIVE
STAFF/PERSONNEL OF THE PENNSYLVANIA STATE PRISON SOCIETY;
JAMES MORGAN, Superintendent; GIL MATHIS; DONALD R. MORDER, Deputy
Supt.; ANTHONY BIVIANA; JOSEPH W. CHESNEY, Superintendent; ROBERT D.
SHANNON; BRUCE K. SMITH; DAVID J. SEARFOSS;
LT. KNEAL; DURANT, Captain;

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 01-cv-01780)
District Judge: Honorable John E. Jones, III

_____

Submitted Under Third Circuit LAR 34.1(a)
December 19, 2003

Before: ROTH, McKEE, and CUDAHY,* Circuit Judges.

(Filed February 26, 2004)

_____

*The Honorable Richard D. Cudahy, Circuit Court Judge for the United States Court of
Appeals for the Seventh Circuit, sitting by designation.

_____

OPINION

_____

ROTH, <u>Circuit</u> <u>Judge</u>.

Michael Bright appeals from an adverse jury verdict in this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Bright challenges on appeal the District Court's pre-trial dismissal of seven of the named defendants as well as an evidentiary ruling rendered at trial. We will affirm.

Because we write solely for the parties, we assume familiarity with the history of the case and the claims raised in Bright's Amended Complaint; we merely summarize the facts necessary to our consideration of the issues on appeal. Bright, with the assistance of court-appointed counsel, filed his Amended Complaint alleging that on August 14, 1995, defendants Kessling, Cerelli, and Fujimoto, all guards at SCI-Coal Township, beat and seriously injured Bright and other inmates and then denied access to medical assistance. Defendants Taylor and Weikel, also guards at SCI-Coal Township, allegedly threatened to kill Bright if he mentioned the beating to anyone. After his transfer to SCI-Frackville in December 1996, defendant Durant, a prison guard, allegedly threatened Bright with retaliation if he complained about the SCI-Coal Township beating. In January 1999, after Bright was approved for parole, defendant Kneal, a guard at SCI-Frackville, allegedly issued a false misconduct charge in retaliation for Bright seeking to raise claims regarding the 1995 beating. Defendant Shannon, Deputy Superintendent at SCI-Frackville, then

2

allegedly told Bright that he could remain imprisoned for the full duration of his sentence if he continued to pursue complaints about the 1995 beating.

The defendants moved to dismiss the Amended Complaint as barred by the statute of limitations and for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). On January 14, 2002, the Magistrate Judge issued a Report in which he rejected the statute of limitations defense but recommended that "all of the claims with the exception of the August 14, 1995, beating claim and threats relating to the beating be dismissed for failure to exhaust administrative remedies." On February 28, 2002, the District Court adopted the recommendation "in toto."

The matter proceeded through discovery and was set for a pre-trial conference on November 1, 2002. On October 16, 2002, counsel for the defendants wrote the court to advise of a dispute between the parties as to the number of defendants who remained in the case following the District Court's February 28, 2002, Order adopting the Magistrate Judge's Report and Recommendation. In particular, Bright argued that none of the fifteen named defendants were dismissed from the action while the defendants argued that only Kessling, Cerelli, and Fujimoto, the alleged perpetrators of the beating, remained. The District Court referred the matter to the Magistrate Judge, who issued a Report in which he clarified that the only remaining defendants are the eight (Kessling, Cerelli, Fujimoto, Taylor, Weikel, Durant, Kneal, and Shannon) who allegedly beat Bright and made threats related to his disclosure of the beating. On October 24, 2002, the District Court issued an

3

order expressly dismissing the seven other defendants.

After a five-day trial, a jury rendered a verdict in favor of the eight defendants. During the trial Bright sought to introduce evidence of injuries suffered by other inmates on the date of his alleged beating, arguing that it was admissible to show "the mental state of the guards when they came in there and assaulted these people, including Mr. Bright." The District Court excluded the evidence as unduly prejudicial to the defendants and improper under Federal Rule of Evidence 404(b).

We have jurisdiction pursuant to 28 U.S.C. § 1291 over this timely filed appeal from the District Court's final judgment.

Bright first contends that the District Court erred in dismissing the seven defendants prior to trial because he claims that all fifteen defendants were alleged, in paragraph 32 of the Amended Complaint, to have participated in the beating at SCI-Coal Township. The record is clear, however, that Bright stated an excessive force claim only as to defendants Kessling, Cerelli, and Fujimoto as alleged in paragraph 30 of the Amended Complaint. Paragraph 32 of the Amended Complaint merely alleged that Bright "has good reason to believe that some or all of the defendants who worked at S.C.I. Coal Township as well as some or all of the defendants who worked at S.C.I. Frackville during the relevant time period participated in the beatings and refusal of medical care," a claim which he believed "is likely to have good evidentiary support after a reasonable opportunity for further discovery and investigation."

4

A plaintiff is required to give fair notice of a claim and cite the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); see also Menkowitz v. Pottsdown Mem'l Med. Ctr., 154 F.3d 113, 124 (3d Cir. 1998) (explaining that plaintiff must plead inter alia "the material points necessary to sustain recovery"). Bright gave no fair notice that any defendant other than Kessling, Cerelli, and Fujimoto participated in the alleged beating. His suspicion that "some or all" of the remaining defendants might have participated failed to articulate a viable claim and certainly was insufficient to warrant a jury trial on the excessive force issue as to any other defendant. If Bright had learned through discovery, as he thought he might, that another defendant participated in the beating, he could have sought to amend his pleadings appropriately. But Bright apparently gathered no such evidence through discovery, and as the record stood, the District Court properly dismissed the suggestion of an excessive force claim as to the other defendants.

Bright next claims that the defendants "waived" their contention that the District Court dismissed all defendants other than those who allegedly beat and threatened Bright. In particular, Bright contends that the defendants' failure to file timely objections to the January 14, 2002, Report and Recommendation constituted a waiver of the claim that any defendant was dismissed from the action. This argument finds no support in the record. Clearly, the District Court intended with its February 28, 2002, Order to adopt the Magistrate Judge's recommendation that all claims "with the exception of the August 14,

1995, beating claim and threats relating to the beating" be dismissed. For reasons unknown, the District Court did not identify specifically which of the many defendants were dismissed by its ruling, and thus it is unsurprising that clarification of the Court's order became warranted. The defendants, however, were under no obligation to file objections to the January 14, 2002, Report and Recommendation in order to preserve the right to seek a clarification once it became clear that the parties disputed which defendants remained. Thus, we find no "waiver" by the defendants.

Bright also complains that he was deprived of "due process" by the manner in which the District Court issued its October 24, 2002, Order. He suggests that he was not given a reasonable opportunity to express his view as to which defendants, if any, were dismissed. The record indicates that both the Magistrate Judge and the District Court were made fully aware of Bright's view that none of the fifteen defendants had been dismissed. Bright has made no showing on this appeal of any argument or position that he was denied a fair opportunity to present. We discern no procedural unfairness or due process violation.

Finally, Bright challenges the District Court's refusal to permit evidence at trial of the specific injuries (e.g., a broken rib) that other inmates in his housing unit suffered on the date of the alleged assault upon Bright. Bright contends that this evidence was admissible and warranted "to show the mental state of the group of 10 to 15 guards that [sic] attacked plaintiff and other prisoners" and "to counter the affirmative defense of

6

good faith immunity that defendants had raised." We review the admissibility of evidence for an abuse of discretion. Coleman v. Home Depot, Inc., 306 F.3d 1333, 1341 (3d Cir. 2002).

Bright clearly overstates the importance of his evidence of injuries suffered by other inmates in establishing his Eighth Amendment claim. Indeed, even had he been permitted to tell the jury that another inmate suffered a broken rib at the hands of the guards who conducted the search of Bright's housing unit, that evidence was by no means compelling, dispositive, or even necessarily relevant on the question whether the specific guards who used force on Bright acted with malice. As we have noted, a number of factors bear on an excessive force determination, including: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response." Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (citing Whitley v. Albers, 475 U.S. 312, 327 (1986)). Even if Bright's evidence had been admitted (and the District Court found that it should not be admitted given that it would be prejudicial to the defendants– a ruling we find supported by the record), it is clear that the evidence would not have, as Bright suggests, "destroyed defendants' claim that nothing improper had happened." Moreover, the limited trial transcript before this Court reflects that Bright presented the

jury with testimony from other inmates that could have supported an inference that the guards acted with malice in their use of force, and the jury simply rejected that evidence. On this record, we find no reversible error in the District Court's evidentiary ruling.

For the reasons stated, we will affirm the District Court's judgment.