**Leah MAXWELL, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK; John Does, 1 to 6, representing several unidentified police officers and the Commanding Officer of Manhattan Central Booking, in their individual and official capacities, et al., Defendants–Appellees.**

No. 03–0245.

United States Court of Appeals, Second Circuit.

Aug. 12, 2004.

Richard J. Cardinale, Cardinale Hueston & Marinelli, Brooklyn, N.Y., for Appellant.

Sharyn Rootenberg, Office of the New York City Corporation Counsel, New York, N.Y., for Appellees.

Present: NEWMAN, KEARSE, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is affirmed in part, vacated in part, and remanded.

Plaintiff–Appellant Leah Maxwell appeals from a judgment of the District Court for the Southern District of New York (Victor Marrero, District Judge) granting summary judgment to Defendants–Appellees City of New York ("City"), former City Police Commissioner Howard Safir in his individual and official capacities, police officer Sebastian Man-

nuzza in his individual and official capacities, and several unidentified police officers in their individual and official capacities ("Defendants–Appellees"). Maxwell brought suit under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments, for violation of her civil rights and for negligence under New York law. Her claim that Mannuzza used excessive force in arresting her has been considered in an opinion filed today. This summary order considers her remaining claims on appeal.[1]

Maxwell was arrested for her role in a late night altercation with a bouncer at a night club. Her criminal case ended in an adjournment in contemplation of dismissal under New York Criminal Procedure Law § 170.55.

■ 1. *Retaliation.* Maxwell alleges that, during the hours she spent in a lock-up, Mannuzza retaliated against her for requesting medical treatment by (1) delaying the processing of her arrest and her trip to the hospital after her arrest, (2) delaying the processing of her arrest after her return from the hospital, (3) denying her requests for a sanitary napkin and a change of underwear from her backpack, (4) denying her requests for food and water, and (5) refusing to voucher her money. We agree with the District Court that, even if her request for medical attention can be considered a constitutionally protected statement, "the delays and treatment alleged by Maxwell are *de minimis* inconveniences not unique to her circumstances or singularly directed at her, but of the kind normally experienced by other persons under arrest." *See also Dawes v. Walker,* 239 F.3d 489, 492–93 (2d Cir.2001) ("While . . . the scope of conduct that can

constitute actionable retaliation in the prison setting is broad, it is not true that every response to a prisoner's exercise of a constitutional right gives rise to a retaliation claim."), *abrogated on other grounds, Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). As the District Court noted, the alleged retaliatory conduct was "not substantial enough to allow a rational jury to conclude that a person of ordinary firmness would be deterred from seeking medical attention, if so needed, simply because of delays in processing and receiving food and water."

■ 2. *Conditions of confinement.* Maxwell contends that the conditions of her confinement at Manhattan Central Booking violated her rights under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish,* 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The District Court accepted her claim that factual issues existed as to such conditions, but correctly ruled that Maxwell had failed to present any factual support that there was a municipal policy or practice of maintaining such conditions. The Court therefore properly granted summary judgment to the City and to Safir in his official capacity on the conditions of confinement claim. *See Monell v. Department of Social Services,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ Her claim against Safir in his personal capacity was properly rejected based on an affidavit of a New York City Department of Corrections ("DOC") attorney stating that Central Booking was a DOC

---

1. Maxwell also made claims against the Fat Black Pussycat night club and its bouncer for negligence under New York law, but the Dis-

trict Court's decision not to exercise pendent jurisdiction over these claims has not been challenged on appeal.

facility and as such not within Safir's jurisdiction.