**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STEVE THOMAS,
                    *Plaintiff-Appellant,*

v.

FRY'S ELECTRONICS, INC., a
California Corporation,
                    *Defendant-Appellee.*

No. 03-56306

D.C. No.
CV-02-1831 TJW/
JFS

OPINION

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted March 8, 2005*
Pasadena, California

Filed March 15, 2005

Before: Thomas G. Nelson, Barry G. Silverman, and
Richard C. Tallman, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Scott A. McMillan, The McMillan Law Firm, La Mesa, California, for the appellant.

James D. Claytor and William H. Curtis, Foley McIntosh Frey & Claytor, Lafayette, California, for the appellee.

## OPINION

PER CURIAM:

Steve Thomas brings this interlocutory appeal challenging the district court's denial of his anti-Strategic Lawsuit Against Public Purpose[1] ("anti-SLAPP") special motion to strike state law counterclaims brought by Fry's Electronics in Thomas's declaratory relief action. We have jurisdiction pursuant to 28 U.S.C. § 1292(b). The district court ruled that in light of recent Supreme Court authority, California's anti-SLAPP statute is in conflict with the Federal Rules of Civil Procedure and thus is unavailable to litigants in federal court. After reviewing the district court's decision de novo, *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003), we reverse and remand.

**[1]** The district court ruled that the Supreme Court's decision in *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002), undermines our decision in *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963 (9th Cir. 1999). In *Lockheed*, we determined that California anti-SLAPP motions to strike and entitlement to fees and costs are available to litigants proceeding in federal court, and that these provisions do not conflict with the Federal Rules of Civil Procedure. 190 F.3d at 970-73. *Swierkiewicz* merely stands for the proposition that federal courts may not impose a heightened pleading requirement in derogation of federal notice pleading rules. It is instructive in the pleading context, but does not support the district court's ruling here. *Swierkiewicz* did not abrogate *Lockheed*.

---

[1]Cal. Civ. P. Code § 425.16

Because the district court erroneously concluded that the anti-SLAPP statute was unavailable in federal court, it did not reach the merits of Thomas's motion to strike or the motion for attorney's fees and costs. We remand to the district court so that it may rule on these issues.

**REVERSED and REMANDED.**