Duane ZIEMBA, Plaintiff–Appellant,

v.

Margaret CLARK, Ind, John J. Armstrong, Ind, Larry Myers, Ind, Defendants–Appellees.

No. 05–1613–PR.

United States Court of Appeals, Second Circuit.

Feb. 15, 2006.

Duane Ziemba, Newtown, CT (on submission), for Plaintiff–Appellant, pro se.

Matthew B. Beizer, Assistant Attorney General, (Richard Blumenthal, Attorney General, on the brief), Hartford, CT, (on submission), for Defendants–Appellees.

PRESENT: Hon. DENNIS JACOBS, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Duane Ziemba challenges the judgment of the district court, dismissing on summary judgment his 42 U.S.C. § 1983 claims against three employees of the Northern Correctional Institution ("Northern"): Nurse Margaret Clark, Commissioner John Armstrong, and Warden Larry Myers. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

(1) The district court dismissed claims involving conduct occurring prior to September 1999 on the basis of the "prior pending action" doctrine. A district court may stay or dismiss a suit that is duplicative of another federal court suit as part of its general power to administer its docket. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir.2000). We review such dismissals of claims for an abuse of discretion; we find no abuse here. Ziemba has filed multiple actions in the district court: at least two that pre-date this action and include Ziemba's claims regarding the 1998 and pre-September 1999 events at Northern.

The district court acted within its discretion in dismissing claims that are the subject of other, earlier lawsuits.

(2) Ziemba challenges the grant of summary judgment on his retaliation claims. We review an order granting summary judgment *de novo*. *See Feingold v. New York*, 366 F.3d 138, 148 (2d Cir.2004). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Id.* (internal quotation marks omitted). However, reliance on conclusory statements or mere allegations is insufficient to defeat a summary judgment motion. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir.1993).

A retaliation claim will not survive summary judgment unless the plaintiff discharges his burden to show: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir.2001), *overruled on other grounds, Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

With respect to defendant Nurse Clark, Ziemba alleges that she subjected him to a four-point restraint in October 1999, and falsified records regarding the incident in retaliation for his suing her. However Ziemba fails to allege any facts to show that Clark even knew of his lawsuits against other employees of Northern prior to July 2000 (Clark herself was not named in a lawsuit until then). Ziemba has therefore failed to show that Clark had an improper motive, and the district court

properly granted summary judgment for Clark.

■ With respect to defendants Commissioner Armstrong and Warden Myers, Ziemba claims they retaliated against him for his filing of prior lawsuits by failing to remedy violations he complained of and failing to adequately supervise prison employees. To prevail under a theory of supervisory liability, a plaintiff must show that the defendant: (i) personally participated in the alleged constitutional violation, (ii) was grossly negligent in supervising subordinates who committed the violation, or (iii) exhibited deliberate indifference to his rights by failing to act on information indicating that unconstitutional acts were occurring. *See Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir.2001). Ziemba provide no evidence of unconstitutional violations occurring in or after September 1999 in which either Armstrong or Myers participated personally, or as to which they were grossly negligent in their supervising duties or deliberately indifferent to his rights. Accordingly, defendants Armstrong and Myers were entitled to summary judgment.

For the foregoing reasons, the judgment of the district court is AFFIRMED.