<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-2051**

LINDA RAY,

                    Plaintiff - Appellant,

          v.

AMELIA COUNTY SHERIFF'S OFFICE; JIMMY E. WEAVER,

                    Defendants - Appellees.

**No. 08-1425**

LINDA RAY,

                    Plaintiff - Appellant,

          v.

AMELIA COUNTY SHERIFF'S OFFICE; JIMMY E. WEAVER,

                    Defendants - Appellees.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, Senior District Judge.  (3:06-cv-00834-REP)

Submitted:  October 27, 2008        Decided:  December 9, 2008

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed in part, vacated in part and remanded by unpublished per curiam opinion.

---

Linda Ray, Appellant Pro Se.  John Adrian Gibney, Jr., THOMPSON & MCMULLAN, Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Linda Ray appeals the following orders by the district court: the August 22, 2007, order dismissing Ray's claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 (2000); the August 22, 2007, order denying her motion to compel discovery; the November 15, 2007, order denying her motion for leave to amend her complaint; and the March 21, 2008, order granting summary judgment as to her constitutional claims. We affirm in part, vacate in part, and remand.

I. Dismissal of ADEA claim

Ray first argues that the district court erred in dismissing her ADEA claim for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

We review de novo the district court's dismissal. See Sec'y of State for Defense v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007). An employment discrimination claim need not include specific facts establishing a prima facie case of discrimination to survive a Rule 12(b)(6) motion, but "instead must contain only 'a short and plaint statement of the claim showing that the pleader is entitled to relief.'" Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. P. 8(a)(2)). A plaintiff's statement of her claim "need only give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotes omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. __, __, __, 127 S. Ct. 1955, 1965, 1974 (2007). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson, 127 S. Ct. at 2200 (citations omitted). In particular, a pro se complaint must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Id. (citation omitted).

The district court erred in dismissing Ray's ADEA claim based upon its finding that her own complaint produced a legitimate, non-discriminatory reason for the defendants' termination of her employment that rebutted her prima facie case, while failing to demonstrate that the reasons stated in her own complaint were a pretext for discrimination. Ray was not required to plead specific facts establishing a prima facie case of discrimination in her complaint, let alone to plead facts showing that the non-discriminatory reason for termination suggested by her own complaint was pretextual. Ray was required only to state her claim so as to give the defendants fair notice of its nature and

the grounds upon which it rests, with enough factual allegations to state a claim to relief that is plausible, not merely speculative.

Ray alleges in her complaint that she is a member of a protected class (she is forty-five years old), she suffered an adverse employment action (her employment was terminated), and she was replaced by a substantially younger employee who is less qualified for the position than Ray. Ray states several possible reasons for the termination of her employment that are related to her age: Sheriff Jimmy E. Weaver's desire to have younger-looking employees at the front of the Amelia County Sheriff's Office; Weaver's desire to hire a replacement who was less familiar with official policies and procedures; and a problem with Ray's desire to utilize her accrued annual leave benefits. Taken together, these allegations provide the defendants with fair notice of the nature of her claim and the grounds upon which it rests, and state a claim to relief that is plausible, not merely speculative. Although Ray's complaint indicates that there were other ostensible reasons why her employment was terminated, the inclusion of those stated reasons in her complaint does not establish at the pleadings stage that she is not entitled to relief on her stated discrimination claim. See Swierkiewicz, 534 U.S. at 512 ("Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases"). Accordingly, we vacate the

district court's August 22, 2007, order dismissing Ray's ADEA claim and remand for further proceedings.

II. Discovery

Ray next argues that the district court erred in denying as moot her motion to compel discovery.

We review the denial of a request for discovery for an abuse of discretion. Conner v. United States, 434 F.3d 676, 680 (4th Cir. 2006); Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002). "An abuse of discretion may be found where 'denial of discovery has caused substantial prejudice.'" Nicholas v. Wyndham Int'l, Inc., 373 F.3d 537, 542 (4th Cir. 2004) (quoting M & M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163 (4th Cir. 1992)).

In her motion to compel discovery, Ray sought an order requiring the defendants to answer unspecified discovery requests over their objection that her requests were late. The district court denied her motion to compel as moot after dismissing her ADEA claim for failure to state a claim. In light of our decision to vacate the dismissal of Ray's ADEA claim, we also vacate the order denying Ray's motion to compel discovery.

III. Motion to Amend Complaint

Ray next argues that the district court erred in denying her motion for leave to amend her amended complaint after dismissing her ADEA claim. The district court denied Ray's motion

based upon its finding that there appeared to be "no basis upon which to permit the amendment," without further explanation.

A district court's denial of a motion to amend the complaint is reviewed for abuse of discretion. Glaser v. Enzo Biochem, Inc., 464 F.3d 474, 476 (4th Cir. 2006).

Title VII creates a federal cause of action for employment discrimination. Davis v. North Carolina Dep't of Corr., 48 F.3d 134, 136 (4th Cir. 1995). However, before a district court can assume jurisdiction over a Title VII claim, the claimant must have exhausted the administrative procedures contained in 42 U.S.C. § 2000e-5(b), which requires an investigation and determination by the EEOC as to whether "reasonable cause" exists to believe that the charge of discrimination is valid. Id. at 137. Action by the EEOC is a "predicate for litigation based on the federal statute," as a complaint cannot be brought before a district court until the EEOC has determined the validity of the claim. Id. at 137-38 (internal quotation marks, citation omitted). A "right-to-sue" letter, issued by the EEOC, is "essential to initiation of a private Title VII suit in federal court." Id.; see also Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) (before bringing suit under Title VII, plaintiff must first exhaust administrative remedies by filing a charge with the EEOC).

The EEOC's right-to-sue letter covers only Ray's ADEA claim, and it does not appear that she submitted the facts

underlying her Equal Pay Act claim in her complaint to the EEOC. Because Ray did not exhaust her administrative remedies regarding this claim, the district court did not abuse its discretion in denying her leave to amend her complaint to include it.

Ray did submit her retaliation claim to the EEOC, claiming that her employment was terminated in retaliation for the grievance she filed with Weaver after she was reprimanded for using a County vehicle. However, Ray's grievance did not challenge "the disciplinary action taken against [Ray], but the violation of Policy and Procedures that were followed in doing so and the direct violation of [Amelia County's] Travel Policy." Because Ray's grievance did not concern an alleged violation of the ADEA or other employment discrimination laws, only an alleged violation of local administrative policies and procedures, she was not engaged in a protected activity, and therefore did not state a retaliation claim in her complaint to the EEOC. See 42 U.S.C. § 2000e-3(a); Kubicko v. Ogden Logistics Services, 181 F.3d 544, 551 (4th Cir. 1999) (protected activity involves opposing, or participating in a grievance proceeding concerning, employment practices made unlawful by Title VII or the ADEA). Accordingly, we affirm the denial of Ray's motion for leave to amend her complaint.

IV. Constitutional Claims

Finally, Ray argues that the district court erred in adopting the magistrate judge's report and recommendation and

granting summary judgment as to her constitutional claims.  We have reviewed the record and affirm this aspect of the district court's judgment for the reasons cited by the district court and the magistrate judge.  (See Ray v. Amelia County Sheriff's Office, E.D. Va., case no. 3:06-cv-00834-REP, March 21, 2008, order).

For the reasons stated above, we vacate the district court's August 22, 2007, orders; affirm the district court's November 15, 2007, and March 21, 2008, orders; and remand the case for further proceedings consistent with this opinion.  We deny Ray's motions for preparation of transcripts at government expense.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART AND REMANDED