**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MURRAY WITCHER,
                            *Plaintiff-Appellant,*

v.

JOSEPH W. WESTPHAL, Secretary,
United States Department of the
Army,
                            *Defendant-Appellee.*

No. 01-2111

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-00-2676-AMD)

Submitted: June 27, 2002

Decided: September 12, 2002

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**COUNSEL**

Solaman G. Lippman, Richard H. Semsker, Shannon M. Salb, Washington, D.C., for Appellant. Thomas M. DiBiagio, United States Attorney, Jamie M. Bennett, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Murray Witcher appeals the district court's orders dismissing his employment discrimination action for failure to comply with Fed. R. Civ. P. 8(a)(2), and denying his motions filed under Fed. R. Civ. P. 59(e), and for reconsideration. Witcher asserts the district court erred in dismissing his complaint for failure to comply with Fed. R. Civ. P. 8. Although Witcher's amended complaint did not comply with the district court's instruction to allege his claims in one-sentence paragraphs, nor was the complaint a model of clarity, it was adequate to inform the Defendant of the nature of Witcher's claims and the factual basis for those claims. Such is all that is required under Fed. R. Civ. P. 8. *Swierkiewicz v. Sorema N.A.*, ___ U.S. ___, 122 S. Ct. 922, 998 (2002). Accordingly, we vacate the district court's dismissal order and remand for further proceedings.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

*We express no opinion about the merits of Witcher's claims.