Lou MARINOFF, Personally and in his capacity as a Professor at the City College of New York, Plaintiff–Appellant,

v.

The CITY COLLEGE OF NEW YORK, Zeev Dagan, Personally and in his capacity as Provost of the City College of New York, John Snyder, Personally and in his capacity as Dean for Faculty Relations of the City College of New York, James F. Watts, Personally and in his capacity as Acting Dean of Humanities of the City College of New York; Arthur J. Spielman, Personally and in his capacity as Chair of the Human Subjects Committee of the Institutional Review Board of the City College of New York and John or Jane Doe, Personally and in his/her capacity as officials of the City College of New York, Defendants–Appellees.

Docket No. 02–7684.

United States Court of Appeals, Second Circuit.

March 14, 2003.

David R. Koepsell, Buffalo, NY, for Appellant.

Kathryn C. Spann, Assistant, Attorney General for the State of New York, New York, NY, for Appellees.

Present: F.I. PARKER, STRAUB, and SACK, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is VACATED and REMANDED.

Plaintiff-appellant Lou Marinoff, a public employee, appeals from the district court's order granting defendants-appellees' motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Professor Marinoff brought a 42 U.S.C. § 1983 claim against the City College of New York ("CCNY") and various associated officials, claiming *inter alia*, that their decision to require him to cease all philosophical counseling activities on the CCNY campus abridged his right to freedom of speech under the First Amendment and the manner in which the decision was made failed to comport with due process.

This Court reviews a district court's dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) de novo. *Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 145 (2d Cir.2002). A complaint should not be dismissed under Rule 12(b)(6) unless the district court, after assuming that all well-pleaded allegations contained in the complaint are true, finds that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Wright v.*

*Ernst & Young LLP*, 152 F.3d 169, 173 (2d Cir.1998). Further, a complaint need only meet the requirements of our "simplified notice pleading standard [which] relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *see also Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). When presented with a 12(b)(6) motion, the district court may not consider matters outside of the pleadings without converting the motion into a motion for summary judgment. *Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir.2000).

■ On appeal, Marinoff argues that the district court improperly dismissed his First Amendment claims under Rule 12(b)(6) because when it decided that his philosophical counseling activities were not a matter of public concern, the judge impermissibly took facts outside of the pleadings into account.

■ While "[t]he Supreme Court has held that 'a public employee does not relinquish First Amendment rights to comment on matters of public interest by virtue of government employment,'" that protection extends only to speech regarding matters of public concern. *Morris v. Lindau*, 196 F.3d 102, 109 (2d Cir.1999) (citations omitted). Under *Connick v. Myers*, 461 U.S. 138, 146, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), "[w]hen employee expression cannot be fairly considered as relating to any

matter of political, social, or other concern to the community, government officials should enjoy wide latitude in managing their offices, without intrusive oversight by the judiciary in the name of the First Amendment."

Marinoff objects to the restrictions his employer, CCNY, placed upon his ability to engage in "philosophical counseling activities" on its campus. In order to determine whether these forbidden activities constituted protected First Amendment speech or activities, the district court first had to ascertain the meaning of the term "philosophical counseling activities" as used in the ban. Without such a definition it is impossible to assess whether speech regarding a matter of public concern is implicated.

Because the district court did not have sufficient information on the basis of the complaint alone to make a determination of whether protected speech was involved, and since the term "philosophical counseling activities" is not self-defining, a Rule 12(b)(6) dismissal was inappropriate. Further, the record indicates that the district court may have relied on information outside the complaint to aid in its interpretation of what amounts to "philosophical counseling activities." We therefore vacate the grant of defendants' motion to dismiss and remand for further proceedings.

The judgment of the district court is VACATED and REMANDED.