# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1376

_____

John Starway,

      Plaintiff-Appellant,

v.

St. Cloud Technical College,

      Defendant-Appellee.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*      [UNPUBLISHED]
\*

_____

Submitted: August 5, 2004
Filed: August 19, 2004

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

John Starway appeals *pro se* from the district court's[1] entry of summary judgment in favor of Defendant, St. Cloud Technical College, in his employment discrimination action. Starway's complaint alleged that he applied for and was denied the position of instructor of anatomy and physiology on the basis of his national origin and age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29

_____

[1]The Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

U.S.C. § 621 *et seq.* Starway also alleged violations of 42 U.S.C. § 1981 and the Fourteenth Amendment to the United States Constitution.

Applying the traditional burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the district court concluded that Starway failed to carry his burden of establishing a *prima facie* case of discrimination insofar as the evidence clearly demonstrated that Defendant had already filled the position prior to receiving Starway's application for employment. See Chambers v. Wynne Sch. Dist., 909 F.2d 1214, 1216 (8th Cir. 1990) (noting that an element of the plaintiff's *prima facie* case in a failure to hire action is that "after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications") (quoting McDonnell Douglas, 411 U.S. at 802). In the alternative, the district court reasoned that this same evidence warranted the conclusion that Defendant proffered a legitimate, non-discriminatory reason for its decision not to hire Starway, and that this reason was not shown to be pretextual.

On appeal, Starway contends that the district court's rigid application of the McDonnell Douglas framework is contrary to the Supreme Court's decision in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). Swierkiewicz, however, addressed the issue of whether a plaintiff must plead specific facts establishing a *prima facie* case of employment discrimination under McDonnell Douglas in order to withstand a motion to dismiss for failure to state a claim. See Swierkiewicz, 534 U.S. at 508. The present case, by contrast, involves the evidentiary showing necessary to defeat a motion for summary judgment, see id. at 514 (noting that "claims lacking merit may be dealt with through summary judgment under Rule 56"), and we see no reason to depart from our well-settled precedent in this area. See, e.g., Schiltz v. Burlington N. R.R., 115 F.3d 1407, 1412 (8th Cir. 1997). We have considered the remainder of Starway's contentions and find them to be without merit.

Accordingly, the judgment of the district court is affirmed.  <u>See</u> 8th Cir. R. 47B.

_____