**Louis SPIES, Plaintiff–Appellant,**

v.

**Patrick KELLEHER, Defendant–Appellee.**

No. 05–1476–PR.

United States Court of Appeals,
Second Circuit.

Oct. 17, 2005.

Louis Spies, Farmingdale, New York, for Plaintiff Appellant, pro se.

Jennifer Grace Miller, Assistant Solicitor General, (Eliot Spitzer, Attorney General, Nancy A. Spieger, Senior Assistant Solicitor General, on the brief), Albany, New York, for Defendant–Appellant.

PRESENT: WALKER, Chief Judge, WESLEY, and HALL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant appeals from a February 25, 2005, summary judgment order (Hugh B. Scott, *Magistrate Judge*), dismissing, inter alia, his 42 U.S.C. § 1983 retaliation claim against Patrick Kelleher, a program assistant in the driving while intoxicated ("DWI") program at the prison because plaintiff failed to bring forward sufficient evidence to survive summary judgment. This appeal followed.

In July 2000, plaintiff, while incarcerated on a DWI charge, was enrolled in a DWI treatment program. Defendant was the program assistant in charge of plaintiff's treatment. While plaintiff initially did well in his treatment, defendant and other officers at the prison noted a change in his behavior beginning in late July; plaintiff received poor evaluations thereafter. Plaintiff requested a transfer to a new program and filed a grievance, claiming that the prison officials, including de-

fendant, were interfering with his mail. In October, the prison recommended his removal from the DWI program because of his failure to make appropriate progress. Based on this recommendation, plaintiff was denied parole. Plaintiff was reinstated into the program in early 2001 and was paroled in December 2001.

Summary judgment is appropriate only where there is no material issue of fact in dispute between the parties. This court reviews grants of summary judgment de novo. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003). For a material issue of fact to exist, a party bears the burden of putting forward such evidence that a reasonable trier of fact could determine the issue in his favor. *See Gen. Elec. Co. v. New York State Dep't of Labor*, 936 F.2d 1448, 1452 (2d Cir.1991). For plaintiff to succeed in his retaliation claim, he must show that 1) the conduct cited as the cause for retaliation is protected; 2) the defendant took adverse action against the plaintiff; and 3) there was a causal connection between the protected conduct and the adverse action. *See Davis v. Goord*, 320 F.3d 346, 352 (2d Cir.2003). Courts are appropriately skeptical of prisoner retaliation claims, as "virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir.2001), *overruled on other grounds, Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

Prisoner grievances are protected conduct. *See Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir.1995). Therefore, plaintiff has established the first element of the claim. Furthermore, we will assume that plaintiff's removal from the DWI program was an adverse action. Plaintiff, however, has failed to show a material issue of fact on the issue of causation. Defendant wrote poor evaluations for plaintiff before and after the filing of his grievance. There is no evidence from which a reasonable finder of fact could infer that plaintiff's grievance was the cause of the adverse action.

We have carefully considered plaintiff's remaining claims and find them without merit.

For the reasons set forth above, the decision of the District Court of the Northern District of New York is hereby **AFFIRMED**.