# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1821

_____

Kenneth E. Batchelder,       *
           *
     Appellant,       *
           *   Appeal from the United States
    v.            *   District Court for the
           *   District of Nebraska.
INS; DHS; FCI; DOJ; EEOC,       *
           *    [UNPUBLISHED]
     Appellees.       *

_____

Submitted: May 1, 2006
Filed: May 11, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Kenneth Batchelder appeals following the district court's dismissal with prejudice of his suit alleging employment discrimination under Title VII and the Rehabilitation Act. We disagree with the court's sua sponte dismissal of the complaint for a failure to exhaust administrative remedies, because Batchelder was not provided notice prior to dismissal that he had to provide evidence of exhaustion. See Ballard v. Rubin, 284 F.3d 957, 964 n.6 (8th Cir. 2002) (exhaustion under Rehabilitation Act is not jurisdictional prerequisite, but is requirement subject to waiver, estoppel, and equitable tolling); Shempert v. Harwick Chem. Corp., 151 F.3d 793, 797 (8th Cir. 1998) (same for Title VII), cert. denied, 525 U.S. 1139 (1999). We also need not determine whether the court's alternate ground for dismissal--defects in

service of process--are excused by the requirements of 28 U.S.C. § 1915(d) (officers of court "shall issue and serve all process, and perform all duties" in cases where plaintiffs are proceeding IFP), because Batchelder's largely unintelligible and incomprehensible allegations fail to provide fair notice of his claims and the grounds upon which they rest. See Jones v. United States, 255 F.3d 507, 511 (8th Cir. 2001) (appeals court may affirm district court on any basis supported by record); cf. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514-15 (2002) (to state claim under Title VII, plaintiff must provide fair notice of claim and grounds upon which it rests); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (pro se complaint must contain specific facts supporting its conclusions).

Accordingly, we affirm. We modify the dismissal, however, to be without prejudice so Batchelder is not precluded from refiling. See 28 U.S.C. § 2106 (appeals court may affirm, modify, vacate, set aside, or reverse any judgment or order of court lawfully brought before it for review). We also deny Batchelder's motion for costs on appeal.

_____