FILED

NOV 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IAN LAMONTE CORMIER,

       Plaintiff - Appellant,

  v.

ALL AMERICAN ASPHALT,

       Defendant - Appellee.

No. 10-55114

D.C. No. 5:09-cv-00672-RHW-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted March 16, 2011
San Francisco, California

Before: HUG, W. FLETCHER, and M. SMITH, Circuit Judges.

    Plaintiff Ian L. Cormier appeals the district court's decision dismissing his

Title VII race discrimination lawsuit against his former employer, All American

Asphalt, for failure to state a claim.  Cormier filed his complaint *pro se*.  We

review the district court's dismissal for failure to state a claim *de novo*.  *Miller v.*

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Yokohama Tire Corp.*, 358 F.3d 616, 619 (9th Cir. 2004). A *pro se* complaint "is to be liberally construed, and . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted). We reverse.

The district court concluded that it would have had "little trouble" concluding that the allegations in Cormier's complaint satisfy Federal Rule of Civil Procedure 8(a) as interpreted by the Supreme Court in *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002). It concluded, however, that under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), Cormier's non-conclusory allegations did not plausibly suggest a right to relief. However, as we recently made clear in *Starr v. Baca*, 652 F.3d 1202, 1213-16 (9th Cir. 2011), *Swierkiewicz* is still good law after *Twombly* and *Iqbal*. This is supported by the language of *Twombly*, which rejected the argument that its analysis "runs counter to *Swierkiewicz*." *Twombly*, 550 U.S. at 569-70.

Even without relying on *Swierkiewicz*, Cormier has alleged sufficient non-conclusory facts, taken as true, to plausibly suggest an entitlement to relief. Cormier alleged that while Shannon Garcia, his dispatcher, refused to give him and at least one other African American forty-hour work weeks, a Mexican American man was given more than forty-hour work weeks. He alleged that this Mexican

2

American was hired during the time Cormier was receiving the minimum number of hours per week he could be given while preventing him from claiming unemployment benefits. Cormier further alleged that, although he had many qualifications, he was placed under a Caucasian worker with a lower union level who had drug problems and had recently had a driving accident. He alleged that he was called the "N" word by foremen and leadmen while on the job. And he alleged that he approached the owner of the company, Mr. Alderman, to discuss what he perceived as racial discrimination, and that Mr. Alderman refused to speak to him. These allegations are neither bare nor conclusory and, assumed true, more than plausibly suggest an entitlement to relief.

**REVERSED.**