**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2972
_____

ANTONIO MERCADO, JR.,
                                        Appellant

v.

*PATRICK R. DONAHOE, Postmaster General, U.S. Postal Service

*(Pursuant to Rule 43(c), Fed. R. App. P.)


_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 1-09-cv-01146)
District Judge:  Hon. Joseph H. Rodriguez

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 26, 2012
_____

Before:  SLOVITER, CHAGARES, and JORDAN, <u>Circuit Judges</u>.

(Filed: June 28, 2012)
_____

OPINION
_____

CHAGARES, <u>Circuit Judge</u>.

      Antonio Mercado appeals the District Court's grant of summary judgment in favor

of the Postmaster General.  Mercado claims his termination as a Part-Time Flexible Sales

Associate at the Atco, New Jersey, Post Office was discriminatory on the basis of his gender and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. For the reasons that follow, we will affirm.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. Mercado, a Hispanic male, was hired by the Postal Service as a Part-Time Flexible Sales Associate assigned to the Atco Post Office on July 8, 2006. As an initial hire, Mercado was subject to a 90-day probationary period. His performance was evaluated at 30, 60, and 80 day intervals. Mercado received a satisfactory rating in all six rating categories after 30 days, but received unsatisfactory scores in all six categories at the 60 and 80 day intervals. On September 26, 2006, prior to the expiration of his probationary period, Mercado was terminated for unacceptable conduct in the workplace and unsatisfactory job performance.

After exhausting his administrative remedies, he filed suit, alleging that his termination was discriminatory on the basis of his gender and national origin. The District Court granted summary judgment in favor of the Postmaster General. The District Court found that Mercado had failed to establish a prima facie case of discrimination. The District Court further found that, even assuming arguendo that Mercado had established a prima facie case of discrimination, the Postmaster General had articulated legitimate, non-discriminatory reasons for Mercado's termination and Mercado had failed to show those reasons were a pretext for unlawful discrimination.

2

Mercado filed a motion for reconsideration, which the District Court denied. Mercado timely appealed.

## II.

Mercado contends that the District Court erred in holding that he failed to establish a prima facie case of discrimination.[1] Because Mercado proffers no direct evidence of discrimination, we analyze Mercado's Title VII discrimination claims under the familiar framework of McDonnell Douglas Corp. v. Green, 411 U.S. 793 (1973). Under the McDonnell Douglas framework, the employee bears the burden of establishing a prima facie case by a preponderance of the evidence. Sarullo v. U.S. Postal Service, 352 F.3d 789, 797 (3d Cir. 2003). To establish a prima face case, the plaintiff must show "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002); see also Goosby, 228 F.3d at 318-19 (holding that to establish a prima face case, the plaintiff must show he was "(1) a member of the protected class, (2) qualified for the position [he] sought, and (3) nonmembers of the protected class were treated more favorably.").[2] The prima facie case test "remains flexible and must be tailored to fit the specific context in which it is applied." Sarullo, 352 F.3d at 797-98. "The central focus of the prima facie

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment de novo. J.S. ex rel Snyder v. Blue Mountain Sch. Dist., 650 F.3d 915, 925 (3d Cir. 2011) (en banc); Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318 (3d Cir. 2000).
[2] The Postmaster General concedes for the purposes of this appeal that Mercado established that he is a member of the protected class and was qualified for the position of Part-Time Flexible Sales Associate.

3

case is always whether the employer is treating some people less favorably than others because of their race, color, religion, sex, or national origin." Id. at 798 (quotation marks omitted).

The District Court found that Mercado failed to demonstrate a prima facie case because Ashley Hoak, a white, female casual employee at the Atco Post Office, whom Mercado alleged was treated more favorably than he, was not similarly situated to Mercado. Mercado argues that the District Court erred in concluding that different workplace standards applied to probationary employees, but we do not agree the District Court so concluded. Mercado also contends that the District Court erred in concluding that Mercado and Hoak were not similarly situated because she was not a probationary employee. Mercado contends that preferences given to Hoak permit an inference of discrimination.

The District Court correctly determined that Hoak was hired as a casual employee, serving a 90-day dual appointment as a Rural Carrier Associate and a Temporary clerk. Hoak did not perform the same job functions as Mercado and her training differed from Mercado's training. For instance, Mercado did not deliver mail and Hoak did not perform any retail counter functions. In addition, most of Hoak's training was provided on the job, whereas Mercado received more formal training. Hoak also was not a probationary employee during Mercado's probationary period — she had completed her probationary period for her dual appointment before Mercado was hired. Hoak eventually was hired as a Part-Time Flexible Clerk at the Atco Post Office, several

4

months after Mercado's termination, and completed a 90-day probationary period for that position.

We agree with the District Court that Hoak was not sufficiently similar to Mercado to serve as a comparator and the circumstances otherwise do not support an inference of discrimination. Thus, Mercado failed to present a prima facie case of discrimination. Sarullo, 352 F.3d at 797-98; Goosby, 228 F.3d at 318-19; see also Blanding v. Pa. State Police, 12 F.3d 1303, 1309-10 (3d Cir. 1993) (holding that tenured troopers were not similarly situated to a probationary trooper); accord Lee v. Kan. City S. Ry. Co., 574 F.3d 253, 259-61 (5th Cir. 2009) (applying factors such as whether comparators had the same job or responsibilities and same supervisor or decision-maker in analysis of whether comparator was sufficiently similar to make out a prima facie case); Pierce v. Commonw. Life Ins. Co., 40 F.3d 796, 802 (6th Cir. 1994) (requiring "all the relevant aspects of" plaintiff's employment situation to be "nearly identical" to comparator in prima facie analysis).

Accordingly, the District Court properly granted the Postmaster General summary judgment.

## III.

Even assuming arguendo that Mercado had established a prima facie case of discrimination, the District Court correctly determined that the Postal Service articulated legitimate, non-discriminatory reasons for Mercado's termination. Mercado was terminated for unacceptable conduct in the workplace and unsatisfactory work

5

performance.  The District Court found that Mercado failed to show these reasons were pretextual.  We agree.

To show pretext, Mercado must submit evidence that would "allow a fact-finder reasonably to infer that each of the employer's proffered non-discriminatory reasons was either a post hoc fabrication or otherwise did not actually motivate the employment action . . . ."  Doe v. C.A.R.S. Prot. Plus, Inc., 527 F.3d 358, 370 (3d Cir. 2008).  Mercado, as the non-moving plaintiff, "cannot simply show that the employer's decision was wrong or mistaken" but instead "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for [the asserted] non-discriminatory reasons."  Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) (quotation marks and citation omitted) (emphasis in original).

Notwithstanding the fact that Mercado received unsatisfactory performance scores at 60 and 80 days of his probationary period, Mercado argues that the District Court erred because the Postal Service officials did not inform him of his conduct issues or performance deficiencies and the Postal Service failed to produce documentation to support its assessment of his conduct and performance during his probationary period.  However, lack of notice or information about problems with performance does not constitute evidence of pretext.  Hague v. Thompson Distrib. Co., 436 F.3d 816, 827 (7th Cir. 2006).

6

Mercado also argues that the District Court made impermissible credibility determinations by crediting the Postal Service's evidence. We disagree. The District Court correctly determined that Mercado disputed his supervisors' perceptions of interpersonal conflict incidents, but not the occurrence of incidents themselves. For instance, Mercado admitted to an argument with a senior mail processor assisting him with a mail sorting machine and to a conversation with a co-worker about reporting the incident that made the co-worker uncomfortable. That same co-worker also reported to management another incident with Mercado that upset him. Mercado acknowledged that he discussed proper attire with a supervisor, although he denied the supervisor's version of the discussion that the supervisor informed him that he was dressed improperly. Mercado also admitted that his request for a schedule change resulted in an argument, although he disputed his supervisors' descriptions of the incident. Finally, Mercado admitted to a discussion about workload distributions and assignments with a supervisor, which his supervisor described as an argument. The District Court also correctly noted that Mercado's arguments about his supervisors' descriptions of his work performance deficiencies constituted only general denials.

In sum, the District Court properly held that Mercado failed to show that the Postal Service's evidence of his interpersonal conflicts and performance deficiencies constituted a pretext for discrimination. Billet v. CIGNA Corp., 940 F.2d 812, 825 (3d Cir. 1991) ("[The employee's] view of his performance is not at issue; what matters is the perception of the decision maker. The fact that an employee disagrees with an

7

employer's evaluation of him does not prove pretext." (citation omitted)), <u>overruled in part on other grounds by</u> <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502 (1993).

Because we agree that Mercado failed to demonstrate that the Postal Service's reasons for his termination were pretextual, we will affirm the District Court's grant of summary judgment.

IV.

For the foregoing reasons, we will affirm the District Court's order granting summary judgment to the Postmaster General.