Richard FONTENBERRY, Hunter Blaine, and Keith Ward, on behalf of themselves and all others similarly situated, Plaintiff,

v.

MV TRANSPORTATION, INC., and Does 1 through 100, inclusive, Defendant.

No. 12–cv–01996 TLN–EFB.

United States District Court, E.D. California.

Nov. 25, 2013.

Steven G. Tidrick, The Tidrick Law Firm, Berkeley, CA, for Plaintiff.

Dawn Fonseca, Julie A. Dunne, Littler Mendelson, P.C., San Diego, CA, for Defendant.

## ORDER

TROY L. NUNLEY, District Judge.

 This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Ninth claim under California's Unfair Competition Act, Cal. Bus. & Prof.Code § 17200 *et seq.*[1] (Mot. to Dismiss, ECF No. 34.) Plaintiffs oppose the motion.[2] (Opp'n to Mot. to Dismiss, ECF No. 42.) Defendant submitted a reply in response. (Def.'s Reply in Support of Mot. to Dismiss, ECF No. 45.) For the reasons set forth below, Defendant's Motion is GRANTED.[3]

---

1. The operative complaint is Plaintiff's Second Amended Complaint ("SAC"). (ECF 30.)

2. Plaintiffs and Defendant request that the court take judicial notice of their respective copies of a transcript from a hearing on Plaintiffs' motion to amend the First Amended Complaint. (Pl.'s Req. for Judicial Notice, ECF No. 42–1; Def.'s Req. for Judicial Notice, ECF No. 34–3.) Plaintiffs produced a transcript of the entire hearing and Defendant produced a transcript of a portion of the same hearing. Courts may take notice of proceedings in other courts if they have a direct relation to the matters at issue. United States ex rel. Robinson Rancheria Citizens *Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992). Because both parties have requested judicial notice of the transcript and because it is a record of a judicial proceeding that directly relates to this proceeding, the court takes judicial notice of ECF Nos. 42–1 and ECF No. 34–3.

3. Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

## BACKGROUND

### A. Parties and Relevant Factual Allegations

Plaintiffs Richard Fontenberry, Hunter Blaine, and Keith Ward ("Plaintiffs") are employed by MV Transportation, Inc. as bus and/or train operators, or in equivalent positions operating motorized vehicles. (SAC, ECF No. 30 ¶¶ 1, 4.) Defendant MV Transportation, Inc. ("Defendant") is a private operator of public transportation properties throughout the United States. (ECF No. 30 ¶ 5.) As of March 6, 2012, Defendant's headquarters and administrative offices were located in Fairfield, California. (ECF No. 30 ¶ 5.)

Relevant for purposes of this motion, Plaintiffs sue on their own behalf of a putative class of similarly situated individuals defined as follows:

> All individuals who are currently employed, or formerly have been employed, by Defendant(s) or any of its operating subsidiaries as a bus and/or train operator or in an equivalent position operating motorized vehicle(s) at any time from July 30, 2008 to the present, plus periods of equitable tolling.

(ECF No. 30 ¶ 44.) This proposed class is not limited to current or former operators who work or have worked in the State of California. (ECF No. 30 ¶¶ 44, 97–107.) Plaintiffs specifically seek to represent the allegedly aggrieved group and any member of the "general public and other persons who have been exposed to Defendant's unlawful or unfair acts and/or practices and are owed wages." (ECF No. 30 ¶ 99.)

Plaintiffs contend that Defendant committed unlawful and/or unfair business acts or practices in violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code section 17200 et seq. Specifically, Plaintiffs allege that Defendant failed to: properly pay for all hours worked, pay overtime, pay all wages when they were due and upon termination, provide accurate and itemized wage statements, and provide meal and rest breaks—all of which Plaintiffs assert constitute unlawful and/or unfair business acts or practices within the meaning of the UCL. (ECF No. 30 ¶ 100.) Plaintiffs allege that these practices and acts occurred in connection with Defendant's trade and commerce in California. (ECF No. 30 ¶¶ 102–106.)

### B. Procedural History

Plaintiffs filed a collective class action complaint in the United States District Court for the Eastern District of California. (Compl., ECF No. 1.) Plaintiffs asserted claims as follows: (1) violations of the Fair Labor Standards Act ("FLSA"); (2) failure to pay all straight time and overtime earned for hours worked in violation of California Labor Code §§ 510, 1194, and 1198, as well as IWC Wage Order 9–2001; (3) failure to provide itemized wage statements in violation of California Labor Code § 226 and IWC Wage Order 9–2001; and (4) waiting time penalties under California Labor Code §§ 201, 202, and 203. (ECF No. 1 at 9–13.)

Plaintiffs withdrew their complaint and filed their First Amended Complaint ("FAC"), asserting a fifth claim: failure to pay all wages owed every pay period under California Labor Code § 204. (FAC, ECF No. 6 ¶¶ 58–63.) Plaintiffs also amended their second claim to remove section 510 as one of the California Labor Code violations. (See ECF No. 6 ¶¶ 48–50.) Defendant submitted an answer to Plaintiff's FAC. (Def.'s Answer to FAC, ECF No. 8.)

Plaintiffs moved to amend the FAC and filed a proposed SAC in order to "assert claims under two more statutes (specifically, Cal. Bus. & Prof.Code § 17200 and the Private Attorney General Act of 2004, codified at Cal. Labor Code § 2698 et seq.

("PAGA")), and also to add two more categories of compensable time for which Defendant fails to pay its operators ..." (Pl.'s Mot. to Am. FAC, ECF No. 20 at 2:16–20.) Defendant opposed Plaintiffs' motion for leave to amend "on the grounds that the California Business & Professions Code [claim] and class is invalid under California law" and because "Plaintiffs cannot bring a nationwide unfair competition claim based on alleged violations of the California Labor Code." (Def.'s Opp'n. to Pl.'s Mot. to Am., ECF No. 23 at 2:1–3, 5:2–3.) The court heard oral argument on the matter and, citing the liberal standard for amendment as set forth in Federal Rule of Civil Procedure 15, granted Plaintiffs' motion. (*See* ECF Nos. 29, 42–1 & 34–3.)

## STANDARD

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim ... is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn,* 373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose,* 788 F.2d 638, 643 n. 2 (9th Cir.1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955; *see also Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

## ANALYSIS

Defendant moves to dismiss Plaintiffs' ninth claim as it applies to operators working outside the State of California. (ECF No. 34.) Defendant argues that Plaintiffs

have failed to plead sufficient facts showing unlawful conduct occurring in California with respect to the out-of-state operators. (ECF No. 34–2 at 6–8.) Plaintiffs oppose the motion, arguing that they plead sufficient facts to show that Defendant's unlawful business practices occurred in California. (ECF No. 42 at 8–9.)

California's UCL provides in pertinent part, "[a]s used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice . . . and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Cal. Bus. & Prof.Code § 17200. A claim under California's UCL must be based on some predicate act involving a violation of some other statute. *Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999). California's "UCL borrows violations from other laws, making them independently actionable as unfair practices." *Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 1207, 127 Cal.Rptr.3d 185, 254 P.3d 237 (2011) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1143, 131 Cal.Rptr.2d 29, 63 P.3d 937 (2003)).

Because violation of California's UCL is a state law claim, "the UCL reaches any unlawful business act or practice committed *in California*." *Sullivan*, 51 Cal.4th at 1207, 127 Cal.Rptr.3d 185, 254 P.3d 237 (citing Cal. Bus. & Prof.Code § 17200) (emphasis added). There is a presumption against extraterritorial application. *Id.* (citing *Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal.4th 1036, 1059, 80 Cal.Rptr.2d 828, 968 P.2d 539 (1999)). "[T]he presumption against extraterritoriality applies to the UCL in full force." *Id.* (citing *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal.App.4th 214, 222–225, 85 Cal.Rptr.2d 18 (1999)). California's UCL may only be applied extra-territorially where the unlawful conduct that forms the basis of the out-of-state plaintiff's claim occurs in California. *Id.* at 1207–09, 127 Cal.Rptr.3d 185, 254 P.3d 237.

### A. Disseminating Employment Policies from California

Defendant argues that the mere fact that its employment policies allegedly emanated from California is not sufficient to constitute unlawful conduct for the purposes of the UCL. (ECF No. 34–2 at 6.) Plaintiffs maintain that Defendant's allegedly unlawful policies that form the basis of Plaintiff's UCL claim were implemented and derived from California in violation of California's UCL. (ECF No. 1 ¶¶ 37, 39, 46; ECF No. 42 at 3, 4–7.)

The California Supreme Court case *Sullivan v. Oracle Corporation* specifically addressed the extraterritorial extension of a California unfair competition claim based on violations of the FLSA for overtime worked in other states. 51 Cal.4th 1191, 127 Cal.Rptr.3d 185, 254 P.3d 237. In *Sullivan*, the plaintiffs alleged that their employer, Oracle Corporation, a California software company, violated the FLSA and California law by misclassifying out-of-state employees as exempt and failing to pay overtime. *Id.* at 1195–96, 127 Cal.Rptr.3d 185, 254 P.3d 237. Plaintiffs argued that this policy was an unlawful act under California's UCL because the "decision-making process to classify [non-California plaintiffs] as exempt from the requirement to be paid overtime wages under the FLSA occurred primarily from within the headquarters offices of Oracle Corporation located in Redwood Shores, California." *Id.* at 1208, 127 Cal.Rptr.3d 185, 254 P.3d 237.

The California Supreme Court rejected plaintiffs' argument. "[F]or an employer to adopt an erroneous classification policy

is not unlawful in the abstract." *Sullivan,* 51 Cal.4th at 1208, 127 Cal.Rptr.3d 185, 254 P.3d 237 (quoting *Walsh v. IKON Office Solutions, Inc.,* 148 Cal.App.4th 1440, 1462, 56 Cal.Rptr.3d 534 (2007)). Instead, the court said, "[w]hat is unlawful, and what creates liability under the FLSA, is the failure to pay overtime when due." *Id.* (citing 29 U.S.C. § 207(a)(1) ["no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives [overtime] compensation"]). Accordingly, the *Sullivan* court held that the mere fact that "Oracle's decision to classify its [employees] as exempt was made in California does not, standing alone, justify applying the UCL to the nonresident plaintiffs' FLSA claims for overtime worked in other states." [4] *Id.*

██ The instant case is analogous to *Sullivan.* Specifically, Plaintiffs have brought a UCL claim premised on FLSA violations for failure to pay overtime to out-of-state operators. Accepting Plaintiffs allegations as true, Defendant maintained headquarters in California and its policy not to pay out-of-state employees overtime emanated from California. However, as *Sullivan* explained, this policy decision, even if erroneous, is not unlawful in the abstract. *See* 51 Cal.4th at 1208, 127 Cal.Rptr.3d 185, 254 P.3d 237. Standing alone, the policy decision is not an unlawful act under California's UCL. "What is unlawful ... is the failure to pay overtime

when due." *Id.* Accepting Plaintiffs allegations as true, the unlawful or unfair business acts within the meaning of the UCL in this case is "that Defendant failed to properly pay for all hours worked, pay overtime, pay all wages when they were due and upon termination ..." (ECF No. 30 at ¶ 100) and not the alleged dissemination of Defendant's employment policies. *See Sullivan,* 51 Cal.4th at 1208, 127 Cal. Rptr.3d 185, 254 P.3d 237.

**B. Location of UCL Violations**

Plaintiffs argue that Defendant's failure to pay overtime wages to out-of-state operators occurred in California. (ECF No. 30 at ¶¶ 37, 100–105.) Defendant maintains that Plaintiffs have failed to plead sufficient facts showing unlawful conduct occurring in California with respect to the out-of-state operators. (ECF No. 34-2 at 6–8.)

As mentioned *supra,* the *Sullivan* court concluded that the allegedly unlawful act under the UCL was non-payment of overtime. *Sullivan,* 51 Cal.4th at 1208, 127 Cal.Rptr.3d 185, 254 P.3d 237. The court stated that, "the UCL might conceivably apply to plaintiffs' claims if their wages were paid (or underpaid) in California." *Id.* However, the stipulated facts of that case did not speak to the location of payment. Therefore, the court noted, "[t]he parties invite us to speculate about the place of payment as a basis for holding the UCL does, or does not, apply. We decline

4. The plaintiffs in *Sullivan* relied on *Wershba v. Apple Computer, Inc.,* 91 Cal.App.4th 224, 110 Cal.Rptr.2d 145 (2001) and *Clothesrigger, Inc. v. GTE Corp.,* 191 Cal.App.3d 605, 236 Cal.Rptr. 605 (1987) to support their argument. The *Sullivan* court rejected their argument noting that *Wershba* and *Clothesrigger* were inapposite because they dealt with California Business & Professions Code section 17500, not section 17200, which specifically makes the dissemination of fraudulent or misleading advertising an unlawful act under the

UCL. *See Sullivan,* 51 Cal.4th at n. 10, 127 Cal.Rptr.3d 185, 254 P.3d 237; Cal. Bus. & Prof.Code § 17500. Thus, with respect to fraudulent advertising, the statute itself makes dissemination from California unlawful—but the *Sullivan* court confirmed that such an analysis has no bearing where section 17500 is not at issue. The Plaintiffs in present case have also relied on *Wershba* and *Clothesrigger* and their argument is rejected for the same reasons articulated in *Sullivan.*

to do so." *Id.* In the absence of any facts concerning where the unlawful act occurred (the non-payment of overtime) the court held that, "Business and Professions Code section 17200 does not apply to overtime work performed outside California for a California-based employer by out-of-state plaintiffs in the circumstances of this case based solely on the employer's failure to comply with the overtime provisions of the FLSA." [5] *Id.* at 1209, 127 Cal.Rptr.3d 185, 254 P.3d 237.

■ Similarly here, Plaintiffs have not alleged that payment or non-payment of out-of-state operators occurred in California. Plaintiffs' complaint is silent as to to how Defendant pays its employees, when Defendant pays them, and where that payment takes place. Plaintiffs have only alleged that Defendant maintained headquarters and administrative offices in California during the relevant time period. (ECF No. 1 ¶ 5.) As stated in *Sullivan,* maintaining headquarters in California and failing to comply with the overtime provisions of the FLSA is insufficient to state a UCL claim for unpaid overtime work performed outside California by out-of-state plaintiffs. *Sullivan,* 51 Cal.4th at 1208, 127 Cal.Rptr.3d 185, 254 P.3d 237. Therefore, the Court finds that Plaintiffs have failed to plead facts demonstrating that an unlawful act under the UCL has occurred in California.

■ In the absence of any other allegations, it cannot be said that Plaintiffs' operative complaint gives Defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic,* 550 U.S. at 555, 127 S.Ct. 1955 (2007)

(internal quotations omitted). More is required than the "sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. Even though this Court is bound to give Plaintiffs the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint, the allegations must be "well-pleaded." *Retail Clerks Int'l Ass'n,* 373 U.S. at 753 n. 6, 83 S.Ct. 1461. The Court cannot assume that Plaintiffs "can prove facts that [they have] not alleged or that the defendant has violated the … laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc.,* 459 U.S. at 526, 103 S.Ct. 897. Accordingly, the Court finds that Plaintiffs have failed to state a claim for relief that is plausible on its face. *Iqbal,* 556 U.S. at 697, 129 S.Ct. 1937.

### C. Leave to Amend

At oral argument on Plaintiffs' motion for leave to amend the SAC, Defendant argued for denial of the motion for the same reasons as stated in this motion to dismiss—namely, that there was no allegation in the proposed SAC that any of the unlawful acts towards out-of-state plaintiffs (the non-payment of compensable time) occurred in California. (ECF No. 42–1 at 16:9–25.) Plaintiffs argued that payments to the out-of-state plaintiffs may have originated from California and that this would allow for the application of the UCL to their claims. (ECF No. 42–1 at 13:16–22, 14:1–4.) However, when asked specifically to identify any such allegations in the proposed SAC, Plaintiffs were unable to do so. (ECF No. 42–1 at 9–11.)

---

5. In *Sullivan,* the three named plaintiffs lived out-of-state but had actually performed some work in California with 110 days being the largest number of days any plaintiff worked in California over a three-year period. *Sullivan,* 51 Cal.4th at 1194–95, 127 Cal.Rptr.3d 185, 254 P.3d 237. Yet the court found against plaintiffs because they had not alleged any facts concerning the location of payment. As discussed *infra,* Plaintiffs in the instant case have neither alleged payment in California for out-of-state operators nor that any ever worked in California.

The court noted, "[t]here's no allegation [in the proposed SAC] that says an out-of-state worker was deprived of pay . . . within California." (ECF No. 42–1 at 9:21–24.)

 Notwithstanding this fact, pursuant to the liberal standard for amendment set forth in Federal Rule of Civil Procedure 15, the court granted Plaintiffs' motion for leave to file the SAC, not because it disagreed with Defendant's arguments, but rather because Defendant's arguments were "premature" at that juncture since Plaintiff had not yet pled the claim. (ECF No. 42–1 at 8:9–25, 17:4–9.) The court noted that Defendant's argument "is fairly persuasive" and "down the road . . . could be one-hundred percent correct." Accordingly, the Court gave Plaintiffs the following admonition:

> You know [Defendant] is going to look at [the SAC] with a fine tooth comb and we may be back here with a motion to dismiss. That is something you've got to figure out . . . And perhaps, [Plaintiffs], you may rethink this and not include the [new] cause of action in the complaint you're going to file. I don't know exactly what you are going to do, but I'm going to grant the motion for leave to file.

(ECF No. 42–1 at 18:17–23, 19:2–6.) The fact that this court expressly pointed out to Plaintiffs the very same deficiencies in their pleadings that are the subject of this motion to dismiss, and because the court warned Plaintiffs to correct the deficiencies or drop the claim altogether, the court will not grant leave to amend.

## CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss (ECF No. 34) is GRANTED and Plaintiffs' ninth claim for UCL violations as it relates to out-of-state employees is DISMISSED without leave to amend. Defendant is hereby directed to submit a timely answer to Plaintiffs' other claims.