12-3606
*Robinson v. Goulet*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand thirteen.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> > *Circuit Judges*.

―――――――――――――――――――――――――――――――――――

DIANE ROBINSON,

> *Plaintiff-Appellant*,

> v.                                            12-3606

PETER GOULET, FACILITY MANAGER,

> *Defendant-Appellee*.

―――――――――――――――――――――――――――――――――――

1

**FOR APPELLANT:**          Diane Robinson, *pro se*,
                           Schenectady, NY.

**FOR APPELLEE:**          Henry M. Greenberg, Greenberg
                           Traurig, LLP, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED IN PART**, **VACATED IN PART**, and **REMANDED** for further proceedings consistent with this order.

Appellant Diane Robinson, *pro se*, appeals from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*), entered on August 13, 2012, granting her manager Peter Goulet's motion to dismiss her employment discrimination complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Robinson alleged that Goulet violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), by discriminating against her on the basis of her sex and race, retaliating against her for filing a complaint against him, and creating a hostile work environment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court decision dismissing a complaint pursuant to Rule 12(b)(6). *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The law in this Court is currently unsettled with respect to the standard for assessing the pleadings in a Title VII case. *See Boykin v. KeyCorp*, 521 F.3d 202, 212-14 (2d Cir. 2008). Regardless, we remain obligated to construe *pro se* complaints liberally. *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Further, "dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Boykin*, 521 F.3d at 216.

In addition to the requirement that *pro se* complaints be liberally construed, we have held that district courts should not generally dismiss a *pro se* complaint without granting the plaintiff leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend is not necessary when it would be futile. *See id.* (finding that leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that

3

the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

Here, the district court correctly concluded that Robinson's complaint failed to state a claim against Goulet because individuals are not subject to suit under Title VII. *See Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003) ("[U]nder Title VII individual supervisors are not subject to liability."). However, the district court erred in not granting Robinson leave to amend her complaint to name the proper defendant, her employer, and to replead two of her inartfully pleaded claims because it is not clear that such amendments would be futile. *See Cuoco*, 222 F.3d at 112.

We reject Goulet's argument that granting Robinson leave to amend her complaint would be futile because her complaint was untimely. First, it is unclear whether the date stamp on the EEOC Right to Sue Letter indicates that it was mailed on January 23, 2012 or January 26, 2012 and if it was the latter date, Robinson's claim was timely filed. *See* 42 U.S.C. § 2000e-5(f)(1) (requiring a plaintiff to file a federal complaint within 90 days of receipt of an EEOC right-to-sue letter).

4

Second, Robinson's "allegations, taken as true, indicate the possibility of discrimination and thus present a plausible claim of disparate treatment." *Boykin*, 521 F.3d at 215-16. Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Robinson alleged that she was an African-American female, she was yelled and cursed at "because [she is] Black and . . . a female," and that her work hours were reduced and she was prohibited from working overtime, while other male and white employees did not face similar reductions. The loss of overtime hours or pay on the basis of race or sex violates Title VII. *See Austin v. Ford Models, Inc.*, 149 F.3d 148, 153 (2d Cir. 1998), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

Liberally construing the complaint, it is plausible that Goulet's alleged actions constituted a materially significant disadvantage with respect to the terms and conditions of Robinson's employment. Consequently,

5

Robinson's complaint sufficiently pleaded the "possibility of discrimination." *Boykin*, 521 F.3d at 215-16. Thus, we vacate the district court's decision and remand the case with respect to Robinson's disparate treatment claim.

Additionally, Robinson should be allowed to amend her complaint to flesh out her retaliation claim. To establish a retaliation claim under Title VII, a plaintiff must demonstrate that (1) she participated in a protected activity; (2) that activity was known to the defendant; (3) the defendant took an employment action that disadvantaged the plaintiff; and (4) a retaliatory motive played a part in the adverse action. *See Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006).

Robinson has alleged that, *inter alia*, Goulet refused her requests for time off, reduced her hours, and "continually yelled and cursed" at her after Robinson filed a complaint about him. Although the content of that complaint is somewhat unclear, her letter to the court accompanying her civil complaint could be read as stating that her internal complaint alleged both that Goulet had an affair and, possibly, that he was giving white employees special treatment. *Cf. Kelly v. Howard I. Shapiro & Assocs.*

6

*Consulting Eng'rs., P.C.*, NO. 12-3489, slip op. at 8-9 (2d Cir. Apr. 26, 2013) (finding that complaints about a "paramour preference" claim alone are not protected). Robinson also states that, after making her initial complaint, she was then assigned to work with a co-worker who made sexual advances, that she reported this harassment, and that her supervisors never followed up with her and instead accused her of being lazy.

Reading her allegations generously, if given the opportunity to amend her complaint, Robinson may be able to plead sufficient facts to demonstrate that she had a reasonable, good-faith belief that Goulet's and her other co-worker's actions were unlawful under Title VII, that her employer knew her complaints were about unlawful activity (if she in fact complained of disparate treatment or sexual harassment), that she suffered adverse employment actions, and that these adverse actions were motivated at least in part by retaliatory animus. *See id.* at 205-06.

We affirm the district court's dismissal of Robinson's hostile work environment claims, as Robinson does not allege facts tending to show that Goulet's or other's actions were "sufficiently severe or pervasive to alter the conditions of [Robinson's] employment and create an abusive working

7

environment."  *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002) (internal quotation marks omitted).

We have considered Robinson's remaining arguments on appeal and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED IN PART**, **VACATED IN PART**, and **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk