22-2775-cv
Stewart v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of October, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

Ainsley Stewart,

> *Plaintiff-Appellant,*                 22-2775

> v.

City of New York, New York City Transit Authority,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT: Ainsley Stewart, pro se, Brooklyn, NY.

FOR DEFENDANT-APPELLEE: Steven S. Efron, Law Office of Steven S. Efron, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Ainsley Stewart, at first through counsel and then pro se, sued his employer, the New York City Transit Authority ("NYCTA"), under Title VII, 42 U.S.C. § 1981, and state law, alleging racial discrimination and retaliation. The district court granted summary judgment to the NYCTA on Stewart's discrimination claim because Stewart did not establish that he had suffered an "adverse employment action." The court also granted summary judgment to the NYCTA on Stewart's retaliation claim because he failed to demonstrate that impermissible retaliation was a "but-for" cause of the alleged adverse employment action or that the NYCTA or its agents were on notice that Stewart

2

had complained about conduct prohibited by Title VII. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126-27 (2d Cir. 2013). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

## I. Disparate Treatment

Title VII and § 1981 claims are evaluated under the three-step burden-shifting framework set by the Supreme Court in *McDonnell Douglas*. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015). Under this framework, "[f]irst, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002) (quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981)).

After a plaintiff establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015); *McDonnell Douglas*, 411 U.S. at 802. The burden then shifts back to the plaintiff to present evidence that the employer's proffered reason is pretext for an impermissible motivation. *See Vega*, 801 F.3d at 83; *McDonnell Douglas*, 411 U.S. at 804–05. If the plaintiff cannot establish pretext, the employer is entitled to summary judgment. *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000).

To make out a prima facie case of discrimination, a plaintiff has the burden of establishing, inter alia, that he was subjected to an adverse employment action under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas*, 411 U.S. at 802; *Vega*, 801 F.3d at 83. "A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." *Vega*, 801 F.3d at 85. We agree with the district court that Stewart did not establish a prima facie case of discrimination because he offered no evidence from which a reasonable jury could have concluded that he was subjected to an adverse employment action.

4

There is nothing in the record establishing that Stewart was disciplined because of racial animus; in fact, there is no evidence that he was ever disciplined at all. Stewart argues that Superintendent Thomas Mathai and others in management created an atmosphere in which it was more likely that he would be disciplined and suffer reputational damage. But criticism, verbal reprimands, and notices of potential discipline, by themselves, do not qualify as adverse employment actions. *See Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 72 (2d Cir. 2019) (no adverse employment action where employee was verbally reprimanded and yelled at by employer because there was no material change in employment terms or conditions); *see also Weeks v. N.Y. State (Div. of Parole)*, 273 F.3d 76, 86 (2d Cir. 2001) (notice of discipline that had no material effect was not adverse for disparate treatment and retaliation claims), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Moreover, Stewart offered no evidence that his reputation was damaged. *See Scotto v. Almeas*, 143 F.3d 105, 114 (2d Cir. 1998) ("The non-moving party [at the summary judgment stage] may not rely on conclusory allegations or unsubstantiated speculation.").

Stewart also claims that his involuntary transfer to the Livonia

maintenance shop constituted an adverse employment action because it reduced his opportunities for promotion and overtime. Stewart has offered no evidence to substantiate his claim that the transfer adversely impacted his employment conditions. *See Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 641 (2d Cir. 2000) (granting summary judgment on the grounds that the "[a]ppellant has not produced evidence to show that the transfer was to an assignment that was materially less prestigious, materially less suited to his skills and expertise, or materially less conducive to career advancement"), *abrogated on other grounds by Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010). He likewise offered no evidence that the transfer was due to racial discrimination. "An inference of discrimination can arise from circumstances including, but not limited to, the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." *Littlejohn*, 795 F.3d at 312 (internal quotation marks omitted). Stewart offered no evidence that Mathai ever made racially charged comments about African Americans or disparaged

6

his performance in racial terms. He claims that Mathai treated non-African American coworkers better than him, but he offers no evidence that he was similarly situated to these coworkers. *See Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000) ("[T]he standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical.").

Because Stewart offered no evidence that he was subjected to an adverse employment action, let alone an adverse employment action attributable to a discriminatory motive, he failed to establish a prima facie case of discrimination. Therefore, the district court properly granted summary judgment to the NYCTA on this claim.

## II.    Retaliation

To make out a prima facie case of unlawful retaliation under Title VII, a plaintiff must show: "(1) participation in a protected activity; (2) that [the employer] knew of [plaintiff's] participation in that protected activity; (3) that [plaintiff] suffered an adverse employment action; and (4) that there exists a causal relationship between the protected activity and the adverse employment

7

action." *Hicks*, 593 F.3d at 166. To succeed on a retaliation claim after a defendant has established a legitimate, non-discriminatory reason for the adverse action, the plaintiff must present evidence that retaliation was the "but-for" cause of the action. *Univ. of Tex., Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013); *see also Carr v. New York City Transit Auth.*, 76 F.4th 172, 178 (2d Cir. 2023) ("[T]he plaintiff must prove that the desire to retaliate was the but-for cause of the challenged employment action.") (quoting *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015)).

Stewart did not establish a prima facie case of retaliation because he did not offer evidence that the NYCTA was aware that he had participated in protected activity. Stewart's email to his supervisors of August 4, 2017, which he claims caused them to reassign him to supervising cleaners and to transfer him to Livonia in retaliation, did not mention any category protected by Title VII (race, color, national origin, religion, or sex), much less complain of discrimination based on any of these categories. (The email did, however, contain an oblique reference to age discrimination, which is not covered by Title VII.) While informal complaints, such as an email to management, can constitute

8

protected activity, *see Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 209 (2d Cir. 1990), a plaintiff must show that his employer "understood, or could reasonably have understood, that the plaintiff's complaint was directed at *conduct prohibited by Title VII.*" *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 108 (2d Cir. 2011) (alteration omitted) (quoting *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998)). The NYCTA and its agents would not have reasonably understood this complaint, which included general allegations that Mathai was incompetent and dishonest, was directed at conduct prohibited by Title VII.

Because the August 4 email did not contain language that would have put NYCTA on notice that Stewart had participated in protected activity, Stewart did not establish a prima facie case of retaliation. Therefore, the district court properly granted summary judgment to the NYCTA on this claim.

\* \* \*

We have considered Stewart's remaining arguments, which we conclude are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9