**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1697**
_____

NAISHA TYIESE CHINNERY,

        Plaintiff - Appellant,

    v.

KAISER FOUNDATION HEALTH PLAN OF THE MID-ATLANTIC STATES, INC.,

        Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  David J. Novak, District Judge.  (1:23-cv-01110-DJN-JFA)

_____

Submitted:  April 15, 2025                     Decided:  June 23, 2025

_____

Before WYNN and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:**  E. Scott Lloyd, LLOYD LAW GROUP, PLLC, Front Royal, Virginia, for Appellant.  Denise Giraudo, Christopher Williams, SHEPPARD MULLIN RICHTER & HAMPTON LLP, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Naisha Tyiese Chinnery appeals the district court's order granting Defendant's motion to dismiss her religious discrimination, failure to accommodate, and retaliation claims, brought pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17. Chinnery challenges only the district court's dismissal of her failure to accommodate claim on appeal,[1] asserting that the district court reversibly erred when it required, at the motion to dismiss stage, more detailed allegations regarding the sincerity of her religious beliefs. For the reasons that follow, we vacate the district court's order to the extent it dismissed Chinnery's failure to accommodate claim and remand for further proceedings.

We review de novo a district court's grant of dismissal under Fed. R. Civ. P. 12(b)(6). *Barbour v. Garland*, 105 F.4th 579, 589 (4th Cir. 2024). In conducting such a review, we must accept the complaint's factual allegations as true and construe the facts in the light most favorable to the plaintiff. *Id.* To survive a motion to dismiss, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face" and cross the line from conceivable to plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks omitted). However, a plaintiff need not allege facts establishing

---

[1] As Chinnery raises no challenge to the district court's dismissal of her religious discrimination and retaliation claims, the court's dismissal of those claims is not before us for review. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)).

2

a prima facie case of discrimination. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 510-11 (2002).

Notably, the plausibility standard is not a probability requirement, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("At bottom, a plaintiff must nudge [her] claims across the line from conceivable to plausible to resist dismissal." (cleaned up)). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

Regarding Chinnery's failure to accommodate claim, Title VII prohibits employers from "fail[ing] or refus[ing] to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Under Title VII, religion "includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). The regulations "define religious practices to "include

3

moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views." 29 C.F.R. § 1605.1 (2024); *see Welsh v. United States*, 398 U.S. 333 (1970); *United States v. Seeger*, 380 U.S. 163 (1965).

In a recent decision that issued after the district court granted Defendant's motion to dismiss here, this court clarified that for a failure to accommodate claim to survive a motion to dismiss, a plaintiff must adequately allege that "her professed [religious] belief is (1) sincerely held and (2) religious in nature." *Barnett v. Inova Health Care Servs.*, 125 F.4th 465, 470 (4th Cir. 2025). Expounding on the two prongs, the court explained that the first prong, sincerity, "seeks to determine an adherent's good faith in the expression of her religious belief and provides a rational means of differentiating between those beliefs that are held as a matter of conscience and those that are animated by motives of deception and fraud." *Id.* (cleaned up). "The second prong, religious in nature, limits the factfinder's inquiry to a determination whether the beliefs professed are, in the claimant's own scheme of things, religious." *Id.* (cleaned up). "Therefore," the court continued, "it follows that the claim of the adherent that her belief is an essential part of a religious faith must be given great weight." *Id.* (cleaned up).

Finding that the district court erred in dismissing Barnett's failure to accommodate claim on a motion to dismiss, this court noted that "the inquiry into sincerity is almost exclusively a credibility assessment and can rarely be determined on summary judgment, let alone a motion to dismiss." *Id.* (internal quotation marks omitted). The court therefore held that plaintiff's allegations that "she was a devout Christian, baptized in 2011, and made all life decisions after thoughtful prayer and Biblical guidance" were sufficient to

4

state "good faith in the expression of her religious belief at [the motion to dismiss] stage." *Id.* (cleaned up).

The court also found that Barnett "sufficiently alleged her beliefs are religious in nature" to satisfy the second prong of the analysis. *Id.* at 471. "Specifically, Barnett alleged, amongst other things: (1) 'it would be sinful for her to engage with a product such as the vaccination after having been instructed by God to abstain from it'; (2) her 'religious reasons for declining the covid vaccinations were based on her study and understanding of the Bible and personally directed by the true and living God'; and (3) receiving the vaccine would be sinning against her body, which is a temple of God, and against God himself." *Id.* (cleaned up). According to the court, "[a]t this stage, these allegations are sufficient to show that Barnett's belief is an essential part of a religious faith that must be given great weight, and are plausibly connected with her refusal to receive the COVID-19 vaccine." *Id.* (cleaned up). The court therefore found that the district court erroneously dismissed Barnett's "Title VII reasonable accommodation claim." *Id.*

Here, Chinnery alleged, in part, that she "is a faithful Christian" (J.A. 7),[2] that she informed Defendant "that 'anything that is unholy, unpure [sic], violates my body, faith and devotion to God" (J.A. 9) (internal brackets omitted), and that her "Christianity and devoted belief in the most High God is to continue to abstain from anything unpure [sic]" because her "blood is sacred and life is found in the blood" (J.A. 9). Chinnery also alleged

---

[2] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal. (ECF No. 15).

she informed Defendant that her "sincerely-held Christian beliefs do not allow [her] to place any foreign substances or be assaulted by a foreign body being inserted into my nasal passages (i.e., covid test) as [her] body is the temple of the Holy Spirit and is to remain pure." (J.A. 9-10).

In part because the district court did not have the benefit of this court's decision in *Barnett*, we vacate that portion of the district court's order granting Defendant's motion to dismiss Chinnery's failure to accommodate claim, and remand so the district court may reassess its dismissal of that claim in light of *Barnett*.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[3] By this disposition, we express no opinion as to whether Chinnery's failure to accommodate claim will ultimately succeed.